Date signed August 11, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 07-10744PM |
|---|---|
| Clayonia T. Colbert-Dorsey, | Chapter 13 |
| Debtor. | |
| Clayonia T. Colbert-Dorsey and Neal Eugene Dorsey, <br>          Plaintiffs, <br> v. <br> Goldman Sachs & Company and Wells Fargo Bank N.A. <br>          Defendants. | AP No. 07-00726PM |

MEMORANDUM OF DECISION

     This matter came before the court on the Motion for Partial Summary Judgment and/or Partial Dismissal filed by the Defendant, Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), and the Response filed by the Plaintiffs, Clayonia T. Colbert-Dorsey and Neal Eugene Dorsey. The court granted the Defendant's Motion in open court at a hearing held on July 31, 2008, the basis for such ruling is set forth herein.

The Plaintiffs filed a four count complaint.[1]  The Motion addressed Count I and the alleged violation of the Truth in Lending Act ("TILA").  15 U.S.C. § 1601 *et seq.*  The Plaintiffs complained that, in connection with a loan transaction consummated in 2004, the Defendant failed to provide a TILA-compliant disclosure statement, entitling the Plaintiffs to rescind the transaction and resulting in cancellation of the Defendant's security interest, damages and attorney's fees.

TILA requires creditors to make certain specific disclosures to consumers in credit transactions.  Certain charges in the subject transaction were excluded from the TILA statement -- an appraisal fee, a credit report fee, an abstract/title search charge, a title examination fee, title insurance charges, walk-thru charges, judgment/liens/court copy charges, a recording charge and the state recordation tax.  In support of the Defendant's position that these charges were *bona fide* and reasonable, thereby rendering their exclusion from the TILA statement proper, the Defendant submitted two affidavits -- one from Jenifer Stick, a real estate appraiser, and the other from Michael Wyatt, an attorney whose practice focuses on real property law.  In opposition, the Plaintiffs merely submitted an affidavit from the Debtor/Plaintiff, Clayonia T. Colbert-Dorsey, affirming that she and her spouse were assessed certain charges at closing and that those charges are neither *bona fide* nor reasonable.

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, renders summary judgment appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  There exists no genuine issue as to any material fact asserted herein based upon the record before this court.

---

[1] Goldman Sachs & Company was dismissed as a plaintiff by consent on April 29, 2008.

Federal Rule of Civil Procedure 56(e)(2) provides:

Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party.

Despite filing a document entitled "Affidavit," the Plaintiffs effectively failed to respond to a properly made and supported motion. They failed to set out specific facts showing a genuine issue for trial and simply restated the allegations set forth in the complaint. This court cannot accept Clayonia T. Colbert-Dorsey's lay opinion on this issue. There has been no showing whatsoever that she has any personal knowledge of whether the various fees were *bona fide* or reasonable. *See United States v. Garcia*, 291 F.3d 127, 140 (CA2 2002); *United States v. Glenn*, 312 F.3d 58, 66-67 (CA2 2002).

In the course of the argument, the attorney for the Plaintiffs argued for the first time that they were frustrated by the Defendant's failure to cooperate in conducting discovery. But this dilatory invocation of the protection of Rule 56(f) is not sufficient cause for the court to continue the hearing. In the absence of a credible affidavit under Rule 56(e) or any affidavit under Rule 56(f), the court finds no cause either to deny or continue the motion. *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-245 (CA4 2002); *Hebert v. Wicklund*, 744 F.2d 218, 222 (CA1 1984).

Accordingly, summary judgment in favor of the Defendant will be granted and Count I of the complaint dismissed. An appropriate order will be entered.


cc:     Clayonia T. Colbert-Dorsey and Neal Eugene Dorsey
        Wells Fargo Bank N.A.
        Counsel for the Dorseys
        Counsel for Wells Fargo Bank N.A.


**End of Memorandum**